112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth KLIMAS, Plaintiff-Appellant,
v.
K. KARAGOZIAN; United States Internal Revenue Service;
Roxane Kobalka; United States Department of the
Treasury, Defendants-Appellees.
 No. 96-56447.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elizabeth Klimas appeals pro se the district court's dismissal of her Title VII employment discrimination action against the IRS for lack of subject matter jurisdiction due to Klimas's failure to exhaust her administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the dismissal de novo. See Bak v. United States Postal Serv., 52 F.3d 241, 243 (9th Cir.1995). We affirm.
 
 
 3
 Klimas's amended complaint alleged that she was sexually harassed by a supervisor at the IRS, and that when she reported this harassment, she was terminated.[1] However, she failed to exhaust her Equal Employment Opportunity Commission (EEOC) administrative remedies prior to filing her action. Accordingly, the district court properly dismissed her action. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994) (stating that a Title VII plaintiff must exhaust EEOC remedies before seeking federal adjudication of claims); 42 U.S.C. § 2000e-16(c).[2]
 
 
 4
 Klimas does not dispute that she failed to exhaust her administrative remedies prior to filing her action. Instead, her sole contention on appeal appears to be that she never received notice of the hearing date on defendants' motion to dismiss. We disagree. The defendants' notice of motion and motion to dismiss, with attached proof of service, advised Klimas of the hearing date.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her original complaint, Klimas also alleged that the Department of Treasury, various employees of the IRS, and Does 1-20 engaged in "negligent, careless, malicious and willfully oppressive" misconduct with respect to a tax levy placed on Klimas's bank account. This complaint was dismissed with leave to file an amended complaint limited solely to the sexual harassment claim. Klimas appeals only the dismissal of the claims asserted in her amended complaint. See Dilley v. Gunn, 64 F.3d 1365, 1367-68 (9th Cir.1995) (stating that issues not raised in an opening brief are abandoned)
 
 
 [2]
 Klimas also brought claims under 5 U.S.C. § 2302(b) and 18 U.S.C. § 245. Klimas does not appear to appeal the dismissal of these claims. See Dilley, 64 F.3d at 1367-68 (stating that issues not raised in an opening brief are deemed abandoned). In any event, nothing in 5 U.S.C. § 2302(b) confers jurisdiction upon a federal district court to review an alleged prohibited personnel action, and 18 U.S.C. § 245(b)(1)(C) is a criminal statute